# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DARRIN R. MEUIR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:07CV0070 AGF |
| | ) | |
| MICHAEL BOWERSOX, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court[1] on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the case, the Court has determined that Petitioner is not entitled to relief. As a result, the petition will be denied.

## I. BACKGROUND

Petitioner is incarcerated at the Missouri South Central Correctional Center. He was convicted of first-degree robbery and armed criminal action by a jury in the Circuit Court of Mississippi County, Missouri. The court sentenced Petitioner as a prior and persistent felony offender to 20 years on the robbery charge and ten years on the armed criminal action charge, with the sentences to run concurrently.

The evidence at trial showed that at 2:00 a.m. on September 13, 2001, Petitioner and an associate, Christopher Shipman, drove to a truck stop in Scott County, Missouri. They briefly went into the store and then left. About an hour later, Petitioner drove Shipman back

---

[1]The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge under 28 U.S.C. § 636(c).

to the store and parked in a secluded spot behind a privacy fence. Wearing gloves from Petitioner's car and a gas mask, Shipman ran into the store and robbed it at gunpoint. Shipman then returned to the car, and Petitioner drove them away. The employee at the truck stop had hit the panic button, and within a short amount of time, police began following Petitioner's vehicle. When the police eventually pulled Petitioner and Shipman over, they discovered the stolen money, a gas mask, and a loaded 30.06 rifle positioned such that it was readily accessible to Petitioner as driver of the vehicle.

Petitioner did not testify at trial, but Shipman testified on Petitioner's behalf that he committed the robbery and that he did not forewarn Petitioner that he intended to rob the truck stop. Shipman further testified that he hid the gun and gas mask under his shirt prior to leaving Petitioner's vehicle.

Petitioner filed a timely appeal from his conviction. He raised two points on appeal: first, that the trial court erred in overruling his motion for judgment of acquittal on the armed criminal action count because the evidence was insufficient to prove that Petitioner committed the robbery with the use or assistance of the rifle; and second, that the trial court erred in overruling his motion for judgment of acquittal on the robbery count because the evidence was insufficient to prove that Petitioner aided or assisted Shipman before the robbery. The Missouri Court of Appeals affirmed the trial court on July 7, 2004, and it issued its mandate on July 23, 2004. Petitioner did not file a motion for rehearing or transfer with the Missouri Court of Appeals.

On October 14, 2004, Petitioner filed a pro se motion to vacate his conviction, under Missouri Supreme Court Rule 29.15. Counsel was appointed and filed an amended motion on January 12, 2005. In his amended petition, Petitioner argued that trial counsel was ineffective for failing to ensure that Shipman did not testify as to Petitioner's prior convictions and failed to request a mistrial after such testimony; that trial counsel was ineffective for failing to call Petitioner as a witness because Petitioner could have introduced a duress defense; and that trial counsel was ineffective for failing to introduce a jury instruction based on the duress defense. The motion court denied relief, and the Missouri Court of Appeals affirmed. The appellate court issued its mandate on February 16, 2006.

Petitioner filed his federal petition for writ of habeas corpus when he placed it in the prison mail system on December 7, 2006.[2] See Sulik v. Taney County, 316 F.3d 813, 815 (8th Cir. 2003) ("prison mailbox rule" applies to § 2254 petitions).

## II. TIMELINESS OF PETITION

As an initial matter, Respondent asserts that the petition was not timely filed. Title 28 U.S.C. § 2244(d) provides for a one-year statute of limitations, which begins to run when

---

[2]Petitioner signed the petition on December 7, 2006. The petition was received by the United States District Court for the Western District of Missouri on December 22, 2007. For the purposes of this Order, the Court assumes that Petitioner placed the petition in the prison mail system on the date he signed it.

the state court judgment becomes final by the conclusion of direct review, or when the time for seeking such review expires, whichever is later.[3]

Where a Missouri prisoner appeals his conviction, and following affirmance of his conviction does not file for rehearing or transfer with the Missouri Court of Appeals, the statute of limitations begins either 15 days after the Missouri Court of Appeals issues its opinion or when the mandate is issued, whichever is later. Riddle v. Kemna, 523 F.3d 850, 856 (8th Cir. 2008) (en banc). The statute of limitations is tolled while state post-conviction proceedings are pending. Id. And where a Petitioner appeals the denial of his motion for post-conviction relief, the statute of limitations begins to run again when the Missouri Court of Appeals issues its mandate. Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006).

However, previous to its decision in Riddle, the United States Court of Appeals for the Eighth Circuit held that a judgment was final, for AEDPA statute of limitations purposes, at the conclusion of all direct criminal appeals in the state system followed by the expiration of the 90 days for filing a petition for a writ of certiorari with the United States Supreme Court. Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999) (en banc). The Nichols opinion had allowed Missouri prisoners the benefit of the 90-day period for filing a petition for writ of certiorari regardless of whether they had filed a motion to transfer with the Missouri Supreme Court. Id.

---

[3] This section provides for other possible start dates for the one year statute of limitations, none of which are relevant here.

In this case, Petitioner filed his federal petition for writ of habeas corpus after <u>Nichols</u> was decided and before the <u>Riddle</u> en banc decision, which abrogated <u>Nichols</u>. In such cases, it may be appropriate to analyze the timeliness of the petition under both the old and new rules. <u>See</u> <u>Shelton v. Purkett</u>, 563 F.3d 404, 407 (8th Cir. 2009).

Under <u>Nichols</u>, the statute of limitations did not begin to run before Petitioner filed his motion for post-conviction relief in state court. The limitations period was tolled until February 16, 2006, which is the date on which the Missouri Court of Appeals issued its mandate on the denial of his motion for post-conviction relief. <u>See</u> <u>Payne</u>, 441 F.3d at 572. The limitations period then ran for 294 days, until Petitioner signed his federal petition for writ of habeas corpus. Therefore, under <u>Nichols</u>, the petition for writ of habeas corpus was timely filed.

Under <u>Riddle</u>, however, the statute of limitations began to run on July 23, 2004, the date on which the Missouri Court of Appeals issued its mandate on Petitioner's direct appeal. <u>See</u> <u>Riddle</u>, 523 F.3d at 856. The statute of limitations ran for 83 days, until Petitioner filed his pro se motion for post-conviction relief on October 14, 2004. The statute of limitations was tolled until February 16, 2006, which is the date on which the Missouri Court of Appeals issued its mandate on the denial of his motion for post-conviction relief. <u>See</u> <u>Payne</u>, 441 F.3d at 572. The statute of limitations then ran for 294 days, until Petitioner mailed his federal petition for writ of habeas corpus. As a result, 377 days of non-tolled time had elapsed when Petitioner filed the petition, and the petition is time-barred under <u>Riddle</u>.

Riddle controls the timeliness analysis in this case. See Shelton, 563 F.3d at 407. However, the Riddle court also noted that with regard to an equitable tolling argument, the change in circuit precedent would constitute an "extraordinary circumstance" that may serve to equitably toll AEDPA's statute of limitations, if a petitioner had otherwise been diligently pursuing his rights. Riddle, 523 F.3d at 857.

The burden of establishing grounds that warrant equitable tolling rests with Petitioner. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner has not argued that the statute of limitations should be tolled in this case. As a result, Petitioner has failed to establish that the limitations period should be equitably tolled, and the petition is time-barred under Riddle.

Regardless of whether this action is time-barred, however, the Court will address the merits of the petition.

## III. MERITS ANALYSIS

### A. Grounds for Relief

1. Trial counsel was ineffective for failing to take reasonable steps to prevent Shipman from testifying about Petitioner's prior conviction.

2. Trial counsel was ineffective for failing to properly advise Petitioner on his right to testify on his own behalf; had Petitioner testified, he would have been able to put forward a duress defense.

3. The trial court violated Petitioner's right to due process because it failed to advise him of his absolute right to testify even if his counsel advised him against testifying.

## B. Standard

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

C.  **Discussion**

Petitioner's first two grounds for relief are based on the alleged ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel on direct appeal, a defendant must show that counsel's performance was both deficient and prejudicial. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). But to prevail on an ineffective assistance of counsel claim in a § 2254 case, a petitioner "must do more than show that he would have satisfied Strickland's test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, he must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 698-99 (2002).

1. Ground One

In Ground One, Petitioner argues that trial counsel was ineffective for failing to take reasonable steps to prevent Shipman from testifying about Petitioner's prior convictions. In his motion for post-conviction relief in the state courts, Petitioner argued that counsel was ineffective for failing to object to the testimony, for failing to have it stricken from the record, and for failing to call for a mistrial.

Petitioner's claim is based on the following testimony by Shipman on direct examination: "I probably could have got better time if I was to make a story up or whatever, man, being this is my first time down and he's [Petitioner] had priors, if I was to say that he was the man instead of me." (Resp. Exh. B at 205.)

The Missouri Court of Appeals applied the Strickland standard in rejecting this claim, as follows:

> The evidence against [Petitioner] at trial was significant. He and Shipman visited the truck stop twice on the night of the robbery, on the first occasion they both entered and left after noticing a customer in the store. Upon returning approximately an hour later, [Petitioner] parked the car one hundred yards away from the truck stop, but in such a way as to be able to view the door which Shipman would be exiting. [Petitioner] had a rifle in the front seat with him and it was positioned in such a manner that he could quickly bring it to a firing position toward the highway which served as their escape route. Lastly, he and Shipman drove away together after Shipman held up the truck stop.
>
> * * *
>
> The motion court determined that this testimony was not elicited by [Petitioner's] attorney and that it was an isolated comment. In light of the evidence against [Petitioner], this single comment does not establish the prejudice prong of the ineffective assistance of counsel standard. There is not a reasonable probability that the outcome of the trial would have been different had this statement not been uttered by Shipman, or in the alternative was stricken from the record.
>
> Likewise, given the weight of the evidence and this testimony's isolated nature, we cannot say that had counsel raised it in a motion for a new trial, that it was reasonably probable that the trial court would have sustained the motion. Therefore, we are not left with the definite and firm impression that the motion court's determination that [Petitioner] failed to pled [*sic*] facts showing that Shipman's testimony prejudiced him, was a mistake.

Meuir v. State, 182 S.W.3d 788, 791-92 (Mo. Ct. App. 2006) (citations omitted).

The state courts did not apply Strickland to the facts of this case in an objectively unreasonable manner. The motion court and the appellate court properly examined the issue of prejudice against the backdrop of the evidence that had been presented against Petitioner and reasonably concluded that Petitioner had failed to demonstrate Strickland prejudice. As a result, the Court finds that Petitioner is not entitled to relief on Ground One of the petition.

## 2. Ground Two

In Ground Two, Petitioner argues that trial counsel was ineffective for failing properly to advise Petitioner on his right to testify on his own behalf, and he claims that had he testified, he would have been able to properly put forward a duress defense.

The motion court found that this claim was refuted by the record and that Petitioner had failed to demonstrate Strickland prejudice.

During trial, the following exchange took place:

The Court: Mr. Meuir, your lawyer indicates at this time that she doesn't know whether or not you want to testify, and that you understand that you have the right to testify in this case. You cannot be compelled to testify. Nobody can call you up as an involuntary witness to testify in this case or to compel you to give evidence against yourself, but if you do decide to testify in this case, then the State can ask you questions as to prior convictions, which would then be open to the jury in this case: do you understand?

[Petitioner]: Yes, sir.

The Court: You can let your lawyer know whether or not you want to testify, all right?

(Resp. Exh. B at 192.)

Later, when the trial court questioned Petitioner regarding his satisfaction with defense counsel, Petitioner made no comment about his counsel's decision not to call him as a witness, although he did complain that the issue of the duress defense was not "explored." (Resp. Exh. B at 256-59.)

The motion court found that Petitioner was not prejudiced because Shipman testified on Petitioner's behalf that Petitioner was not involved in the robbery and did not know that

-10-

Shipman was going to rob the truck stop. The motion court further found that Petitioner's testimony that Shipman threatened him with the weapon would have contradicted Shipman's testimony and been harmful to Petitioner's case.

The Missouri Court of Appeals agreed that the record refuted Petitioner's claim, and the appellate court affirmed the motion court for this reason.

Upon review, this Court finds that the Missouri courts applied Strickland in a reasonable manner. Petitioner testified under oath that he understood that he had a right to testify on his own behalf. As such, Petitioner failed to show that his counsel was ineffective or failed adequately to inform him of his rights. As a result, Petitioner is not entitled to relief on Ground Two of the petition.

        3.      Ground Three

In Ground Three, Petitioner argues that the trial court violated his right to due process because it failed to advise him of his absolute right to testify even if his counsel advised him against testifying.

Respondent argues that this claim is meritless because a trial court has no duty to inform the accused of his right to testify. Respondent further argues that even if such a duty existed, the trial court did inform Petitioner of his right to testify.

The United States Court of Appeals for the Eighth Circuit has "held that a knowing and voluntary waiver of the right [of an accused to testify] may be found based on a defendant's silence when his counsel rests without calling him to testify. . . . [The court] stressed that under such circumstances the defendant must act 'affirmatively' rather than

apparently 'acquiesc[ing] in his counsel's advice that he not testify, and then later claim[ing] that his will to testify was overcome.'" Frey v. Schuetzle, 151 F.3d 893, 898 (8th Cir. 1998) (quoting United States v. Bernloehr, 833 F.2d 749, 751-52 (8th Cir. 1987)).

As stated above, the trial court advised Petitioner of his right to testify. Moreover, Petitioner did not object when counsel rested his case without calling him to testify. (Resp. Exh. B at 222.) Therefore, under federal law, Petitioner knowingly and voluntarily waived his right to testify during his trial. As a result, Petitioner is not entitled to relief on Ground Three of the petition.

## IV. CONCLUSION

Petitioner is not entitled to federal habeas relief. Moreover, Petitioner has failed to make a substantial showing of the denial of a constitutional right. As a result, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 25th day of February, 2010.

                                                /s/ Audrey G. Fleissig
                                                AUDREY G. FLEISSIG
                                                UNITED STATES MAGISTRATE JUDGE